UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE J. LITTLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:17-cv-12145-IT |
| | * | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
December 19, 2019

TALWANI, D.J.

Plaintiff Lawrence Littler, proceeding *pro se*, filed a Complaint [#1] seeking review of the Social Security Administration's ("the Agency") denial of his claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, moved to dismiss. For the reasons set forth below, the court rejects Defendant's motion to the extent that dismissal is sought for lack of service. To the extent that dismissal is sought on the ground that the complaint is time-barred, the court treats Defendant's motion as a motion for summary judgment under Rule 56, with an opportunity for the parties to respond.

I. Lack of Service

Defendant asserts that the Complaint [#1] should be dismissed because Plaintiff failed to complete service on the United States. See Def.'s Mot. to Dismiss 1 [#14]. When suing a federal agency, a plaintiff must serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(2). To serve the

United States, a party must deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought or his designee, or to the civil-process clerk at the United States attorney's office using registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A). The party must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B).

Here, because Plaintiff was granted leave to proceed *in forma pauperis*, the court allowed Plaintiff to have service made by the United States Marshals Service ("USMS"), and ordered that if directed by the Plaintiff to do so, the USMS shall serve the summons and complaint on the Defendant, with costs of service to be advanced by the United States. Electronic Order [#7]. Plaintiff sought the assistance of the USMS by submitting Form USM-285 and checking the appropriate box to request service on the United States. Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") 2 ¶ 4 [#19]; Form USM-285, at 2 [#13]. Plaintiff also verifies that he sent a summons and complaint to the Attorney General using certified mail, for which he provides receipts. Pl.'s Opp'n 2 ¶ 4 [#19]; Certified Mail Receipts, attached as Ex. 1 to Pl.'s Opp'n [#19-1]. In her reply, Defendant notes that Plaintiff "provides evidence he alleges establishes service," and that "[e]ven accepting that Plaintiff timely provided service, Defendant respectfully submits that Plaintiff's Complaint must be dismissed as untimely." Def.'s Reply 7 [#23]. Because Defendant's Reply [#23] does not further address Plaintiff's evidence regarding service, the court treats Defendant's argument regarding service as waived.

II. Statute of Limitations

Actions seeking review of social security decisions must be timely commenced. The statutory scheme sets that date as "within sixty days after the mailing to [the claimant] of such decision . . . ." 42 U.S.C. § 405(g). This sixty-day limit "is not jurisdictional, but rather [] a

statute of limitations." Bowen v. City of New York, 476 U.S. 467, 476 (1986). The Agency's regulations specify that the statutory filing period begins on the date that claimants receive notice from the Agency of its decision, taking into account a rebuttable presumption that the date of receipt occurs within "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The Notice of Denial from the Agency advised Plaintiff, however, that he could request judicial review by filing a civil action within sixty days from "the day *after* you receive this letter." Notice of Denial, attached as Ex. 2 to Compl. [#1-2] (emphasis added). Accordingly, the court will calculate the due date to be sixty days from the date after receipt of the letter in accordance with the Notice of Denial.

Although Plaintiff dated the Complaint [#1], its civil cover sheet, and his Motion for Leave to Proceed In Forma Pauperis [#2] November 1, 2017, the court's docket reports a filing date of November 2, 2017. Review of Plaintiff's documents shows that the clerk's office did not stamp any filing date on the Complaint [#1], but did stamp the Motion for Leave to Proceed In Forma Pauperis [#2] "November 1." Mot. for Leave to Proceed In Forma Pauperis 1 [#2]. Based on the clerk's office stamp, the court concludes that Plaintiff's Complaint [#1] was presented to the clerk's office for filing on November 1, 2017, notwithstanding the docket.

Thus, the critical question is when Plaintiff received the Notice of Denial. Defendant asserts that the Notice of Denial was sent by mail addressed to Plaintiff on August 24, 2017. Cousins Decl. 4 ¶ 3(b) [#14-2]. If this mailing date is accepted and the five-day presumption is unrebutted, Plaintiff's action should have been commenced no later than October 30, 2017,[1] and is untimely.

---

[1] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), time calculations should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

3

Plaintiff asserts that he did not receive the Notice of Denial until Friday, September 1, 2017. See Pl.'s Opp'n 2 ¶ 3 [#19].[2]

Relying on McLaughlin v. Astrue, 443 F. App'x 571, 574 (1st Cir. 2011), Defendant contends that affidavits containing only statements about a date of receipt are insufficient to rebut the Agency's presumed date of notice. Def.'s Reply 2 [#23]. But McLaughlin also instructs that claimants may provide additional information and evidence to support the actual date of receipt in a manner that can be sufficient to rebut the presumption. See 443 F. App'x at 574; see also Nee v. Berryhill, No. 1:17-cv-11459-DJC, 2019 WL 6699454, at * 3 (D. Mass. Dec. 9, 2019) (finding claimant rebutted presumptive date of notice by providing multiple affidavits regarding ongoing issues with mail delivery, and the actual date of receipt).

Defendant's motion relies on material outside the pleadings, namely, the declaration made by Agency officer Marie Cousins. See Cousins Decl. 1 [#14-1]. Because, absent narrow exceptions that do not apply here, "consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden," the court must convert this proceeding into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see Fed. R. Civ. P. 12(d). The court must also give both sides "a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, the court converts Defendant's Motion to Dismiss [#14] to a motion for summary judgement on the specific issue of whether Plaintiff can rebut the Agency's presumption that he received notice on August 29, 2017, and directs the parties to respond within four weeks from the date of this order with any affidavits or other evidentiary material pertinent to the limited question of when Plaintiff received the Notice

---

[2] Plaintiff's Opposition [#19] includes a verification that the contents are based on his knowledge. Pl.'s Opp'n 4 [#19].

of Denial. Defendant need not refile the material submitted thus far.

III. Conclusion

For the reasons stated above,

(1) The clerk shall correct the date-filed date for this matter to November 1, 2017;

(2) Defendant Berryhill's Motion to Dismiss [#14] is DENIED in part to the extent it seeks dismissal for lack of service, and is converted into a motion for summary judgment to the extent it seeks dismissal based on an untimely filing;

(3) Any further affidavits or other evidentiary material pertinent to the limited question of when Plaintiff received the Notice of Denial shall be filed no later than four weeks from the date of this Order.

IT IS SO ORDERED.

Date: December 19, 2019 /s/ Indira Talwani
United States District Judge